WESTCOTT ET AL. *v.* THE FIREMEN'S PROTECTIVE ASSOCIATION ET AL.

*Insurance—Mutual life companies—Section 9427, General Code—Firemen's protective association authorized, when—Classes and designation of beneficiaries.*

1. Section 9427, General Code, providing for the organization of insurance companies or associations on the assessment plan for mutual protection, authorizes the organization of a firemen's protective association to "provide a fund for the relief of members of the benevolent fund, and for the immediate relief of widows or orphans, or to the person to whom it may be assigned from the inheritance fund."

2. A member of an association so organized, in his certificate of membership, may designate his brothers and sisters as beneficiaries.

(Decided January 16, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. E. T. Brown,* for plaintiffs in error.
*Mr. John O. Eckert,* for defendants in error.

HAMILTON, P. J. The question here is to determine the right to receive the funds provided for in

a certificate of membership in the Firemen's Protective Association of Cincinnati, held by Albert Westcott at the time of his death.

Westcott was a retired fireman, and at the time of his death, September 26, 1920, was a member of the Firemen's Protective Association, in good standing. The amount of the fund was $1,350, styled the "Inheritance Fund," and an additional amount of $50, styled the "Benevolent Fund," making a total of $1,400.

In the certificate of membership Westcott directed that $100 be paid to each of his daughters, who are plaintiffs in error here; $500 to Mrs. Emma Brophy, a sister; and the balance to L. Westcott, a brother. It appears that the member Westcott was estranged from his family, having been divorced from his wife many years before the taking out of the membership, and had seen little or nothing of his divorced wife and daughters for some years prior to his death.

The Firemen's Protective Association brought an action in the Court of Common Pleas, by way of interpleader, and brought into court the fund of $1,400, the proceeds of an assessment levied, as provided in their constitution, and asked the court to determine the rights of the claimants to this fund.

The daughters, the plaintiffs in error here, claim that the designations to the brother and sister were illegal and void, and that they, as the heirs at law, are entitled to the whole fund, claiming that the designations to the brother and sister were beyond the power of the member to make, or the association to carry out; that the provisions of the constitution and the by-laws authorizing such designation enlarged the class of persons to whom benefits should be paid,

in contravention of the provisions of the statutes of Ohio.

The court of common pleas held the designation valid and awarded the fund as provided in the certificate. From that decision error is prosecuted here.

It is urged that the only statute under which the Firemen's Protective Association could be established is Section 10176, General Code, and that the only purposes for which such an association could be organized are for affording relief to firemen disabled while on duty, making donations to indigent and sick firemen, and to the widows and orphans of deceased firemen.

The interveners, Leonard Westcott and Emma Brophy, defendants in error here, contend that the association was organized under the authority of Section 9427, General Code, which section enlarges this class of beneficiaries to include executors, administrators or assigns of deceased members of such company or association.

The articles of incorporation of the Association provide:

"Its object shall be to provide a fund for the relief of members of the benevolent fund, and for the immediate relief of widows or orphans, or the person to whom it may be assigned from the inheritance fund."

The constitution and by-laws of the association authorize the designation made, and it is clear that if the association is organized under Section 9427 the designation by the member is good.

It is urged that the association could not have been organized under Section 9427, as this section pro-

vides for an organization to transact the business of life or accident insurance, and, therefore, does not apply to an association such as this, as it is not an insurance company. That this section does authorize such an association is decided in the case of *Wegener* v. *Wegener,* 101 Ohio St., 22, which was a case involving the power of the Policemen's Benevolent Association to enlarge the class of beneficiaries beyond that authorized by Section 3630, Revised Statutes. The Policemen's Benevolent Association was an organization somewhat similar to the Firemen's Protective Association, although more restricted in scope. The court held in the opinion in the *Wegener case,* at page 23, that the organization of the Policemen's Benevolent Association was authorized by Section 3630, Revised Statutes. This section at the time restricted the payment of funds obtained by assessment ''to the families or heirs,'' and the court held that the association could not enlarge the class, that the organization came under the provisions of the statute above named.

Section 3630, Revised Statutes, was amended March 31, 1891 (88 O. L., 251), and is now Section 9427, General Code, and, as above stated, enlarges the class to whom payment of funds may be made by the association to include ''assigns.''

Section 10176, General Code, provides for the manner of election of directors or trustees of firemen's relief organizations, but is not the statute empowering the formation or incorporation of such an association as the one under consideration.

The holding is that Section 9427, General Code, authorizes the organization of such an association as the one under consideration, and the purposes as set forth in the articles of incorporation bring this

association within that section, endowed with all the powers the section confers.

The designation of the beneficiaries is good, and the judgment is affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.